## Commonwealth v. Yetter

*Roy Keefer, district attorney,* for the Commonwealth.

*George W. Porter,* for defendant.

SPICER, *P.J.,* September 27, 1991—Defendant has moved to suppress the results of his breathalyzer examination. Because the motion does not involve constitutional considerations, the motion is more appropriately a request in limine.

For reasons we will discuss, we grant the motion and rule that breathalyzer results shall not be admissible at trial.

We conducted a hearing August 27, 1991. Facts were recited in the order. One correction is required and will be made.

Defendant was arrested April 14, 1991, on a charge of driving under the influence. He was told by the officers that he "must submit to a breathalyzer test and that if he refused, his license would be suspended or revoked one year." (Order at 1.)

Defendant argues that this language gave him no choice except to submit to the test. He further contends that he should have been explicitly told he had the right to refuse. In fact, he took the stand and said, had he known he was not required to take the test, he would not have submitted.

Frankly, we are unable to take either the testimony or the attack very seriously. There were ample admonitions of the consequences of a refusal to alert anyone with a modicum of intelligence that refusal was an option. Thus, we reject this attack.

The other challenge is directed primarily toward procedure followed during the month preceding the test. The following occurred.

March 19, 1991: Machine was calibrated and tested.

March 29, 1991 (Not March 19, 1991, as recited in the order): Dual tests were performed on one Dora Geisler with a variance of 0.021.

April 14, 1991: Two tests performed on defendant within satisfactory ranges.

April 16, 1991: Accuracy test performed on machine with satisfactory results.

There was another test performed subsequent to the ones performed on defendant with a variance in excess of 0.02. In this test as well as the Geisler test, Trooper Ivan Taylor was the breathalyzer operator.

The trooper, who is the maintenance officer of the machine, concluded that breathing patterns caused the fluctuations. He, therefore, took no curative action.

Were we free to accept or reject Trooper Taylor's assessment, we would, no doubt, accept it. Although there is nothing to suggest that Ms. Geisler did anything improper, we believe that operators can develop enough expertise to make valid judgments about such things. We have a great deal of respect for Trooper Taylor and have little difficulty in believing he observed something that led him to conclude that the machine was operating properly.

We are not, however, free to draw such conclusions. Regulations are rather definite in what must occur in these situations and require the machine to be taken out of service and tested. That procedure was not followed. Counsel have brought to our attention the case of *Commonwealth v. Parra*, (no. 438 of 1989, Court of Common Pleas of Erie County), which dealt with an almost identical factual situation. Judge Connelly ruled the test results were inadmissible and that holding was affirmed by Superior Court, (no. 184 Pittsburgh 1990, mem. op.) Judge Connelly pointed to policy reasons for requiring scrupulous attention to regulations. It is true that test results are very damning and that the legislature and Department of Transportation have gone to some length to ensure accuracy.

## ORDER

And now, September 27, 1991, the court rules that results of the breathalyzer examinations shall be inadmissible at trial.